NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3393
_____

UNITED STATES OF AMERICA

v.

GEORGE J. LAWRENCE, V,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 3-13-cr-00041-001)
District Judge: Honorable Kim R. Gibson

_____

Submitted under Third Circuit LAR 34.1(a)
on May 24, 2017

Before: HARDIMAN, ROTH and FISHER, Circuit Judges

(Opinion filed: September 6, 2017)

_____

OPINION[*]

_____

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In early 2013, a few months after serving a five-year sentence for selling crack cocaine, George J. Lawrence began selling again. Police officers conducted a series of controlled buys using confidential informants (CIs) and an undercover officer (UC). Based on information obtained, the officers asked for and received a search warrant for Lawrence's house, where they found additional evidence of drug activities. The officers subsequently arrested Lawrence.

In the ensuing proceedings, Lawrence moved to dismiss the indictment on the ground that law enforcement officers lied in testimony before the grand jury. He also moved for a hearing pursuant to *Franks v. Delaware*[1] on the basis that the affidavit of probable cause contained false statements without which the warrant would not have been supported by probable cause. The District Court denied both motions, and Lawrence appeals their denial.[2] We will affirm.[3]

## I. Motion to Dismiss the Indictment

Dismissal of an indictment can be proper when there has been prosecutorial misconduct before the grand jury.[4] Lawrence alleges that there was such prosecutorial misconduct here because one of the law enforcement officers who investigated Lawrence misled the grand jury about law enforcement's observations of the controlled buy on

---

[1] 438 U.S. 154 (1978).
[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.
[3] Lawrence also moved to suppress the evidence obtained from the search because the search was conducted pursuant to an improperly issued search warrant. However, because we hold that the warrant was properly issued, we need not separately address suppression.
[4] *See United States v. Soberon*, 929 F.2d 935, 939 (3d Cir. 1991).

April 16, 2013, which took place at the home of Paulette M. Alt. In describing the incident, the agent said that Lawrence and Alt came into the kitchen where the UC and CI were waiting. The agent also described Lawrence giving Alt crack cocaine, which Alt then gave to the UC. However, the agent failed to mention that Lawrence and Alt left the kitchen before Lawrence handed Alt the crack cocaine; Alt then came back to the kitchen to give the crack cocaine to the UC.[5] This omission may have led the grand jury to believe that the UC or the CI personally witnessed Lawrence give crack cocaine to Alt.

Even, however, if we assume that this omission was misleading, it is not sufficient to dismiss the indictment. A court may not dismiss an indictment unless the alleged prosecutorial misconduct was prejudicial, that is, unless "the violation substantially influenced the grand jury's decision to indict, or there is grave doubt that the decision to indict was free from the substantial influence of such violations."[6] Whether there was misconduct and whether the misconduct was prejudicial are factual findings,[7] so we review for clear error.[8] The District Court found that no prosecutorial conduct here was

---

[5] The UC, Norman Young, wrote in his surveillance report:
> ALT makes contact with "G" [*i.e.*, Lawrence]. "G" then wants to meet the money man. UC Young is asked by "G" if he is a cop. UC indicates NO. . . . ALT then walks back with "G" to front of house. Approximately 1 minute later target "ALT" gives Young 12 bags of crack cocaine.

App. 202; *see also* App. 210-11.

[6] *Soberon*, 929 F.2d at 939-40 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)) (internal quotation marks and ellipsis omitted).

[7] *Id.* at 939.

[8] "We 'apply a mixed standard of review to a district court's decision on a motion to dismiss an indictment, exercising plenary review over legal conclusions and clear error review over factual findings.'" *United States v. Small*, 793 F.3d 350, 352 (3d Cir. 2015) (quoting *United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013)).

prejudicial,[9] and we do not think there has been clear error. This detail was not significant; although the undercover officer and confidential informant did not see Lawrence hand Alt the crack cocaine, they had good reasons to believe that Lawrence had done so. This was the third controlled buy from Lawrence, and Lawrence had used an intermediary in each previous controlled buy. Alt had taken the money for the purchase but had explained that she was waiting for "her man" before she could complete the transaction. When Lawrence showed up, he met briefly with Alt before Alt handed the crack cocaine to the undercover officer. Thus, at worst, the agent described a reasonable inference based on what was actually observed. Moreover, there was considerable additional evidence supporting a decision to indict. In these circumstances, we do not think that the District Court clearly erred by not harboring grave doubts regarding whether the grand jury would have indicted if the agent had been more precise in his description of events.

Lawrence also argues that the agent's testimony before the grand jury regarding Lawrence's prior criminal history, while accurate, was irrelevant and prejudicial. However, the grand jury is not constrained by the ordinary rules of evidence.[10] Hence, while irrelevant and prejudicial testimony about a defendant's criminal history might be excluded at trial,[11] it need not be excluded in a grand jury proceeding. Thus, we will not dismiss the indictment on this basis.

---

[9] App. 50-51.
[10] *See* Fed. R. Evid. 1101(d)(2).
[11] *See* Fed. R. Evid. 404(b).

## II. Motion for a *Franks* Hearing[12]

Lawrence contends that the affidavit of probable cause for the search warrant for Lawrence's house also contains a misstatement. In describing the third controlled buy, the affidavit said, "The UC officer witnessed LAWRENCE meet and supply the CRACK for the deal to ALT." Lawrence thus moved for a *Franks* hearing where he could introduce evidence to demonstrate that affiant intentionally or recklessly made a false statement in the affidavit. The District Court denied his motion, and we agree with its decision. Among other things, any such misstatements must be material in order for a *Franks* hearing to be required. That is, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."[13] Had the sentence that Lawrence challenges been corrected or even deleted from the affidavit, the affidavit would have contained copious details supporting probable cause, including the other information about the three controlled buys. Such a change would not have affected the probable cause determination. Hence, the District Court did not err by denying the *Franks* hearing.

Lawrence argues that the affidavit was not supported by probable cause in any event because there was no nexus between Lawrence's drug dealing and his home. We disagree. The affidavit contained information about Lawrence's drug-trafficking

---

[12] We have not yet fully articulated a standard of review for denial of a motion for a *Franks* hearing. *See United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012). We need not do so here because Lawrence's claim would fail under any standard, including *de novo*. *See id.* at 666.

[13] *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

activities, including the three controlled buys. It described interactions between Lawrence and his drug associates at or near the house. It also noted that the business address of Lawrence's ostensibly legitimate construction business was Lawrence's home address, which increases the likelihood that laundered drug money or other evidence of unlawful activities might be found at the house. The affiant, a detective with considerable experience in drug crimes, said that he believed that evidence was likely to be found at the house, a point which the magistrate could consider.[14] Based on these details and the others contained in the affidavit, the magistrate could have concluded there was a fair probability that evidence of Lawrence's drug crimes would be found at the house.[15]

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[14] *See United States v. Stearn*, 597 F.3d 540, 559-60 (holding that, in determining whether there is a nexus, one factor is "the conclusions of experienced officers 'regarding where evidence of a crime is likely to be found'") (quoting *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001)).

[15] A "fair probability" is sufficient for a magistrate to issue a warrant. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).